National Right to Life v. Gardner      CV-96-509-M    10/10/96
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


National Right to Life Political
Action Committee State Fund, and
Amarie C. Natividad in Her
Capacity as Treasurer Thereof,
      Plaintiffs,

      v.                                        Civil No. 96-509-M

William M. Gardner in His Capacity
as Secretary of State of New Hampshire,
and Jeffrey R. Howard in His Capacity
as Attorney General of New Hampshire,
      Defendants.


                            O R D E R


      Having considered the Verified Complaint, plaintiffs'

motions for temporary restraining order and preliminary

injunctive relief, and the argument of counsel for the plaintiffs

and counsel for the defendants, and having reviewed the terms of

the parties' joint proposed order, and having discussed the

matter with counsel, the following dispositive order is entered

by agreement.

      1.   The defendants, their agents, servants, employees, and

attorneys are hereby enjoined from enforcing the following New

Hampshire statutory provisions:

           a.   N.H. Rev. Stat. Ann. § 664:5,V;

b.    Those provisions of N.H. Rev. Stat. Ann. § 664:3,I, which require political committees to declare in their registration filings that they will not exceed the expenditure limitations set forth in N.H. Rev. Stat. Ann. § 664:5,V; and

c.    The requirement in N.H. Rev. Stat. Ann. § 664:3,V, that political committees register no later than the second Wednesday following any primary election.

2.    Plaintiffs' motions for injunctive relief are otherwise denied.  Accordingly, they are obligated to comply with all other provisions of the challenged statute, including (a) N.H. Rev. Stat. Ann. § 664:13 by designating an agent in New Hampshire who is authorized to receive all process and other legal documents, and through whom may be obtained access to the books and records of the political committee; and (b) the provision of N.H. Rev. Stat. Ann. § 644:3,I, that requires the identification of candidate(s) in favor of whom or against whom the plaintiff intends to make any independent expenditures.

3.    The parties anticipate that during its 1997 session the New Hampshire General Court will likely consider whether statutory amendments would be appropriate in light of applicable constitutional law and may well take action rendering plaintiffs'

2

remaining claims moot.  Accordingly, as the injunctive relief afforded herein resolves plaintiffs' major claims, and their remaining claims are likely to become moot, the preliminary injunction shall be dissolved on November 6, 1996, at 12:00 p.m., and the case dismissed as moot, subject however, to the court's retention of jurisdiction over the matter and reopening of this case on motion of either party following conclusion of the 1997 New Hampshire Legislative Session, should any issues raised herein not be resolved.

4.    The parties agree that motions for attorneys' fees under applicable statutes may be filed on or before November 20, 1996.


        SO ORDERED.


                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

October 10, 1996

cc:  Laurence J. Gillis, Esq.
     James Bopp, Jr., Esq.
     Lucy C. Hodder, Esq.


                                3